IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STEPHANIE HOWARD**                                                                                  **APPELLANT**

**V.**                                                             **CIVIL ACTION NO. 2:15-CV-107-KS-MTP**

**FINA OIL AND CHEMICAL COMPANY, ET AL.**                               **APPELLEES**

**MEMORANDUM OPINION AND ORDER**

This matters is before the Court on the Motion to Dismiss Appellant's Appeal of her Second Issue for Lack of Standing ("Motion to Dismiss") [9] filed by Appellees Fina Oil and Chemical Company, Murphy Oil U.S.A., Inc., Vintage Petroleum, Inc., Champlin Petroleum Company, Exxon Corporation, Kerr-McGee Oil & Gas Corporation n/k/a Anadarko US Offshore Corporation, a former affiliate of Oryx Energy Corporation, TXO Production, OXY USA Inc., Placid Oil Company, Amoco Production Company, Union Oil Company of California, Phillips Petroleum Company, ConocoPhillips Company (formerly known as Phillips Petroleum Company and successor in interest by merger to Conoco, Inc.), Bass Enterprises Production Company, ARCO Oil and Gas Company, Mobil Oil Exploration & Producing Southeast, Inc., and Inexco Oil Company (collectively "Appellees").  After considering the submissions of the parties, the record, and the applicable law, the Court finds the motion to be well taken and should be granted.

**I.  BACKGROUND**

Appellant Stephanie Howard ("Appellant") filed her Notice of Appeal from Bankruptcy Court [1] on August 7, 2015.  In her second issue, she appeals the Bankruptcy Court's ruling to

grant the "Grouped Settling Defendants"[1] joint motion to settle with the Trustee J.C. Bell ("Trustee"). The settlement provided for the release of all possible claims related to Appellant's real property located in Wayne County, Mississippi (the "Subject Property"), against the Grouped Settling Defendants. The Bankruptcy Court found that the motion to settle should be granted and subsequently approved the settlement.

Prior to this approval, the Bankruptcy Court had held that, because Appellant did not disclose her interest in the Subject Property in the bankruptcy proceedings, she was judicially estopped from pursuing the claims in the related proceedings concerning the Subject property that were pending in both federal and state court. (*See* Order [7-7] at p. 107.) These claims included claims for contamination of the property.

## II. DISCUSSION

Standing in a bankruptcy appeal is governed by the "person aggrieved" test. *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). This test is "an even more exacting standard than traditional constitutional standing" and "demands a higher causal nexus between act and injury" than Article III standing. *Id.* at 202-03. Appellant "must show that [she] was directly and adversely affected pecuniarily by the order of the bankruptcy court in order to have standing to appeal." *Id.* at 203 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).

Appellant claims that she is directly and adversely affected pecuniarily by the Bankruptcy Court's approval of the Grouped Defendants' settlement because it does not provide for any remediation of the Subject Property and she is left with no remedy under which to seek such a remediation. Even assuming that the Subject Property is a "radioactive wasteland" as

---

[1] This group includes Appellees as well as Chevron, U.S.A., Inc.; Chevron Corporation; Texaco Inc.; Four Star Oil & Gas Company; Shell Wester E&P, Inc.; and Moon-Hines-Tigrett Operating Company, Inc.

Appellant suggests, she admits that she is judicially estopped, as a result of her misconduct, from seeking redress on her claims directly.  (Response [15] at p. 2.)  Furthermore, it is clear from the record that, even if the Trustee pursued the claims instead of settling, no part of the recovery would go to Appellant.  (Order [7-7] at p. 109.)  Appellant has therefore suffered no pecuniary loss from the bankruptcy order, which is necessary for her standing to appeal.  *See In re Coho,* 395 F.3d at 203.

Even if Appellant could show pecuniary loss, the Fifth Circuit held in *Rohm v. Hass Tex., Inc. v. Ortiz Bros. Insulation* that, because the appellant in that case had disavowed any direct stake in the fund at issue, "any interest that it asserts necessarily must be indirect."  32 F.3d 205, 210 (5th Cir. 1994).  The same reasoning applies here.  Appellant has given up her right to the claims that were settled and has no direct stake in them.  Any harm she suffers from the settlement must therefore be indirect.  Standing in bankruptcy appeals exists only where an appellant is directly affected by the bankruptcy order.  *In re Coho,* 395 F.3d at 203.

Therefore, because Appellant has no direct pecuniary interest in the settlement or the underlying claims, she has no standing to appeal the Bankruptcy Court's approval of the settlement.  Appellees' Motion to Dismiss [9] is therefore **granted**, and Appellant's appeal of her second issue will be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Appellees' Motion to Dismiss [9] is **granted**.

SO ORDERED AND ADJUDGED this the 18th day of November, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

